UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jeffrey M. Gray

    v.                                              Case No. 18-cv-874-JL

John E. Perkins et al.[1]

**REPORT AND RECOMMENDATION**

    Plaintiff, Jeffrey Gray, has filed this action claiming that the defendants have violated his rights under federal and state law. Gray's complaint (Doc. No. 1) and complaint

---

[1]Plaintiff names the following defendants in the caption of his complaint: John E. Perkins, New Hampshire State Prison ("NHSP") Librarian; William L. Wrenn, former New Hampshire Department of Corrections ("DOC") Commissioner; Helen E. Hanks, DOC Commissioner and former DOC Medical and Forensic Services ("MFS") Director; Christopher Kench, DOC Director of Training and Safety; Paula Mattis, MFS Director; Richard Gerry, former NHSP Warden; Michelle Edmark, NHSP Warden and former Northern New Hampshire Correctional Facility ("NCF") Warden; Ransey Hill, former MFS Deputy Director; Dr. Jeffrey Fetter, DOC Chief Medical Officer; Ryan Landry, NHSP Nurse Coordinator; Lisa Savage, Corina Neculai, and Diane Desmarias, NHSP nurse practitioners; Cynthia Chapman and Olivia Gamelin, NHSP nurses; Bernadette Campbell, former NHSP physical therapist; Dr. Paul Levy, D.D., former DOC oral surgeon; Dr. Ingjerd Bergstedt, D.D., Dr. Edward Dransite, D.D.S., and Dr. Anthony DiSalvo, D.D.S., DOC dentists; Larry Denecourt, former NHSP dental hygienist; Alexis White, DOC dental assistant; NHSP Corrections Officers ("COs") Benjamyn R. Carver, Michael E. Dube, and Nicholas J. Leto; NHSP Capt. Scott J. Marshall; NCF Sgt. Joey L. Pellitier; NCF Cpl. Thomas F. Macholl; and NCF CO Kathleen M. Duschene. In the narrative of his complaint, Gray also identifies the following defendants: COs Roy Tripp, Brian A. Marion, Michael J. Eaton, and Frank H. Logan III; Judy Baker, nurse practitioner; Dr. Celia Englander; and Dr. David Anzel, D.M.D. In his complaint supplement (Doc. No. 3), Gray names the DOC as a defendant.

supplement (Doc. No. 3) are before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

### Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints filed by inmates seeking relief from government agents.  See LR 4.3(d)(1); see also 28 U.S.C. § 1915A(a).  In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

### Background and Claims

Gray is a New Hampshire Department of Corrections ("DOC") inmate presently housed at the New Hampshire State Prison ("NHSP").  Gray has asserted multiple claims arising from various events that took place between 2012 and 2018 while Gray was incarcerated at either the NHSP or the Northern New

Hampshire Correctional Facility ("NCF").  Seeking damages, Gray asserts his claims against a number of prison officials and DOC medical and dental care providers, alleging violations of his rights under federal and state law and prison policy, in that:

- Gray lost his prison job and was banned from the prison law library, in retaliation for filing grievances and a lawsuit against prison officials;

- Gray was denied adequate medical care and treatment for serious medical conditions, including: sleep apnea, chronic lower back pain, hearing loss, tinnitus, and severe abdominal pain and cramps;

- Gray's religious property was seized and retained by corrections officers;

- Gray was denied adequate dental care and treatment for his serious dental problems;

- Gray was denied access to the courts when his legal property was confiscated, preventing his timely filing of a brief in the New Hampshire Supreme Court, and resulting in the dismissal of his appeal due to the untimely filing of his brief;

- Gray was subjected to excessive force on December 21, 2017 and July 5, 2018;

- Gray's right to privacy in his medical information was violated when a corrections officer was present during Gray's appointment with a prison physician at which personal and sensitive matters were addressed;

- A corrections officer seized and retained a catalog of approved magazines from Gray;

- Gray, a medium custody inmate housed in the Secure Psychiatric Unit at the NHSP was denied the right to attend religious services and classes at the prison chapel, and to have access to religious materials and texts, while other medium custody inmates housed in general population were permitted those things;

3

- Prison officials violated several DOC Policy and Procedure Directives ("PPDs") in a manner that adversely affected Gray; and

- Prison officials denied Gray's administrative grievances concerning the incidents underlying Gray's allegations in this action.

**Discussion**

I. Inadequate Dental Care

   A. Claims

Gray alleges that he was denied adequate dental care on a number of occasions between September 2012 and December 2019. He seeks relief under 42 U.S.C. § 1983 on the following claims, asserting violations of his federal constitutional right to dental care while incarcerated and PPD 6.28:

> 1. Dr. Edward Dransite, D.D.S., denied Gray treatment and antibiotic medication, from September 21, 2012 through September 28, 2012, for: resorptive[2] teeth with cavities, gingivitis, a decayed upper front tooth (#8), a visible infection/abscess in the gum related to the decay in tooth #8, and severe pain;
>
> 2. Dr. Edward Dransite, D.D.S., denied Gray treatment and antibiotic medication on January 10, 2014 for remnant root fragments of an upper front tooth (#8), a visible infection/abscess in the gum related to previous decay in tooth #8, and resorptive teeth with cavities;

---

[2] "Resorption" is the "loss of substance by physiologic or pathologic means, such as loss of dentin and cementum of a tooth, . . .." Dorland's Illustrated Medical Dictionary 1098 (32d ed. 2012).

4

3.  On September 21, 2012, NHSP Dental Hygienist Larry Denecourt denied Gray prophylactic care for gingivitis;

4.  NHSP Dental Assistant Alexis White denied Gray care and treatment for gingivitis, a decayed upper front tooth (#8), a visible infection/abscess in the gum related to the decay in tooth #8, and severe pain, by failing to schedule dental appointments in September 2012, January 2015, and July 2015;

5.  NHSP Nurse Olivia Gamelin and NHSP Dental Assistant Alexis White denied Gray care and treatment for a broken tooth (#19), and resulting severe pain, between June 24, 2016 and July 7, 2016, by failing to obtain appropriate dental care for Gray to treat those conditions;

6.  Dr. David Anzel, D.M.D., during a routine dental sick call on February 20, 2017, denied Gray care and treatment for a broken tooth (#19), and resulting severe pain, by failing to arrange for prompt extraction of the tooth;

7.  Dr. Ingjerd Bergstedt, D.D., denied Gray care and treatment for a broken tooth (#19) on October 23, 2017;

8.  Dr. Paul Levy, D.D., denied Gray care and treatment for a broken tooth (#19) on and after November 16, 2017; and

9.  DOC officials Ransey Hill, Paula Mattis, Christopher Kench, Bernadette Campbell, and Helen Hanks denied Gray adequate dental care and treatment for Gray's serious dental conditions, by denying his administrative grievances complaining of allegedly inadequate dental care.

B.  Violation of PPD 6.28

Gray asserts that the defendants have violated his rights by failing to follow PPD 6.28, a DOC policy concerning the provision of dental care to prisoners.  "An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim."  McFaul v. Valenzuela,

5

684 F.3d 564, 579 (5th Cir. 2012); see also Querido v. Wall, C.A. No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at *14, 2010 WL 5558915, at *3 (Dec. 8, 2010), R&R adopted, 2011 U.S. Dist. LEXIS 1882, 2011 WL 63503 (D.R.I. Jan. 7, 2011). Further, the DOC policies governing the conduct of prison officials do not provide Gray with a private right of action for prison officials' violations of those policies. Accordingly, Gray cannot state a claim for relief for the defendants' violation of prison policies, and the district judge should dismiss Gray's claims alleging that defendants violated PPD 6.28, with regard to Gray's dental care.

### C. Eighth Amendment Claims

#### 1. Official Capacity Claims

Gray asserts his Eighth Amendment claims against the DOC officials and dental care providers in their individual and official capacities. "Absent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief." Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003). Gray does not seek prospective injunctive relief, and nothing suggests that New Hampshire has waived its immunity for purposes of Gray's § 1983 claims. Accordingly, the district judge should dismiss Gray's Eighth Amendment claims against the

defendants to the extent they are sued in their official capacities.  See 28 U.S.C. § 1915(e)(2).

### 2. Individual Capacity Claims

#### a. Claims against Dental Care Providers

The court finds that Gray has stated sufficient facts to allow the claims identified in this R&R as Claims 1-8 to go forward against the defendants identified in those claims in their individual capacities.  Accordingly, in an Order issued simultaneously with this R&R, the court directs service of Claims 1-8 on the defendants identified therein.

#### b. Claims against Prison Administrators

In Claim 9, Gray alleges that DOC officials Hill, Mattis, Kench, Campbell, and Hanks violated his Eighth Amendment right to adequate dental by denying Gray's grievances about his dental issues.

> A claimed constitutional violation must be based upon active unconstitutional behavior.  The acts of one's subordinates are not enough[;] nor can supervisory liability be based upon the mere failure to act.  For the same reason that a supervisory relationship is insufficient to establish liability for the misconduct of a subordinate, denying a grievance or failing to act based on information contained in a grievance is insufficient to establish § 1983 liability.

Moore v. Mich. Dep't of Corr., No. 1:17-cv-615, 2017 WL 3431602, at *7, 2017 U.S. Dist. LEXIS 126885, at *17 (W.D. Mich. Aug. 10,

2017), aff'd, No. 17-6107, 2018 U.S. App. LEXIS 25325 (6th Cir. Sept. 5, 2018); see also Carter v. Englander, No. 17-cv-52-LM, 2018 U.S. Dist. LEXIS 211168, at *20, 2018 WL 6593934, at *7 (D.N.H. Aug. 22, 2018) (denial of grievance is not a constitutional violation (citing cases)), R&R approved, No. 17-cv-52-LM, 2018 WL 6591227 (D.N.H. Dec. 11, 2018).

In Claim 9, Gray alleges that Hill, Mattis, Kench, Campbell, and Hanks denied grievances he filed about his dental care.  Gray does not allege that any of those individuals had any role in the allegedly inadequate dental care underlying those grievances.  As Gray cannot allege a constitutional claim against those defendants solely on the basis that they denied his grievances, and the district judge should dismiss Claim 9 from this action.

II. Claims Unrelated to Dental Care

Rule 18(a) of the Federal Rules of Civil Procedure states that: "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Rule 20(a)(2) states, however, that defendants may be joined in one action only if the claims in the action are asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences," and the claims involve one or more common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Accordingly, different defendants may not be joined in one action where the claims asserted against the defendants are unrelated. See Roy v. Wrenn, No. 12-CV-303-JD, 2013 DNH 113, 2013 WL 4541389, at *2, 2013 U.S. Dist. LEXIS 121740, at *7 (D.N.H. Aug. 27, 2013).

> In the context of prisoner litigation,
>
> [u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multiclaim multidefendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Gray's claims identified as Claims 1-8 are asserted against multiple dental providers. As set forth in the complaint, those claims are arguably based on a series of related transactions and involve overlapping questions of law and fact. Accordingly, Claims 1-8, asserted against the dental providers named in those claims, are appropriately joined in this action.

All of the remaining claims in Gray's complaint documents, however, which are summarized in an unnumbered list above, are

wholly unrelated to Claims 1-8 and are asserted against defendants not named in Claims 1-8.  Nothing in the filings before the court, therefore, provides any basis for joining those claims in this action.

Where, as here, parties (and the claims asserted against them) are misjoined in a suit, the court may, sua sponte: (1) drop a party (and the claims asserted against that party) from the suit; or (2) sever the unrelated claims from those going forward.  See Fed. R. Civ. P. 21; Visendi v. Bank of Am., N.A., 733 F.3d 863, 871 (9th Cir. 2013); DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 & n.4 (3d Cir. 2006).  Rule 21 permits the court to dismiss parties from an action if the dismissals "do not cause 'gratuitous harm to the parties.'"  Strandlund v. Hawley, 532 F.3d 741, 745 (8th Cir. 2008) (citations omitted).

Nothing in the filings before the court suggest that the dismissal of the claims in this action other than Claims 1-8, without prejudice, will cause any party harm.  Therefore, the district judge should dismiss from this case all of the claims Gray has asserted, other than Claims 1-8, and all of the defendants Gray named in his complaint other than those identified in Claims 1-8.

## Conclusion

For the reasons stated herein, the district judge should:

1. Dismiss Gray's claims alleging that the defendants' failure to provide gray with adequate dental care violated prison policy;

2. Dismiss all of the claims asserted against the defendants to Claims 1-8 in their official capacities;

3. Dismiss the claim identified herein as Claim 9; and

4. Dismiss all of the remaining claims asserted in Gray's complaint documents, other than the Eighth Amendment claims asserted in Claims 1-8, without prejudice to Gray's ability to assert those claims in separate actions.

5. Drop all of the defendants named by Gray other than those upon whom the Complaint is served in the Order issued this date, including, specifically the DOC and all of the following individuals in both their individual and official capacities: John E. Perkins; William L. Wrenn; Helen E. Hanks; Christopher Kench; Paula Mattis; Richard Gerry; Michelle Edmark; Ransey Hill; Dr. Jeffrey Fetter; Ryan Landry; Lisa Savage, Corina Neculai, and Diane Desmarias; Cynthia Chapman; Bernadette Campbell; Dr. Anthony DiSalvo; Benjamyn R. Carver, Michael E. Dube, and Nicholas J. Leto; Scott J. Marshall; Joey L. Pellitier; Thomas F. Macholl; Kathleen M. Duschene; Roy Tripp, Brian A. Marion, Michael J. Eaton, and Frank H. Logan III; Judy

11

Baker; and Dr. Celia Englander.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 2, 2020

cc: Jeffrey M. Gray, pro se